1
2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

3
4
5
6

IN RE:

ELIPHAZ SANCHEZ CINTRON

    Debtor

                   :

CASE NO. 10-03449 (ESL)

CHAPTER 13

7
8
9
10
11

P.R. ELECTRIC POWER AUTHORITY

    Plaintiff

vs.

ELIPHAZ SANCHEZ CINTRON

    Defendant

                   :

ADVERSARY NO. 10-00138

12
13

## OPINION AND ORDER

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

    This case is before the court upon a motion to set aside the Order granting the P.R. Electric Power Authority (hereinafter referred to as "PREPA" or "Plaintiff") an extension of time to file an adversary proceeding to determine the dischargeability of a debt pursuant to 11 U.S.C. §523 (Docket no. 45 in lead case) filed by Eliphaz Sanchez Cintrón (hereinafter referred to as "Debtor" or "Defendant"). PREPA filed an opposition to Debtor's motion to vacate and set aside order on September 9, 2010 (Docket No. 48 in lead case). There is also an adversary proceeding which is before the court upon the motion to dismiss filed by Defendant on September 4, 2010 (Docket No. 8 in adversary proceeding) alleging that the complaint to determine dischargeability of a debt pursuant to 11 U.S.C. §523 is time barred pursuant to Fed. R. Bankr. P. 4007(c) and that the Order entered by the court on August 23, 2010 (Docket No. 43 in lead case) should be vacated and set aside (Docket No. 45 in lead case). The P.R. Electric Power Authority (hereinafter referred to as "PREPA" or "Plaintiff") filed an opposition to the motion to dismiss on September 10, 2010 (Docket No. 9). Debtor's motions to vacate and set aside Order in the lead case and the motion to dismiss on this adversary proceeding hinge on the same legal issues, and, thus, will be disposed of herein. For the reasons set forth below, Debtor's motion to set aside order granting extension of time to file an adversary proceeding to determine the dischargeability of debt under Section 523(a)(2) and (a)(4)

1 (Docket No. 45 in lead case); and Debtor's motion to dismiss are hereby granted.

2 Facts and Procedural Background

3     Eliphaz Sanchez Cintrón filed a Chapter 13 bankruptcy petition on April 28, 2010. Debtor
4 included PREPA ("AEE") in its Schedule F- Creditors Holding Unsecured Nonpriority Claims as an
5 unsecured creditor having a claim for $90,000.00. The clerk of the court issued the "Notice of Chapter
6 13 Bankruptcy Case, Meeting of Creditors, & Deadlines" on April 29, 2010 and the same was sent
7 to PREPA via first class mail on May 1, 2010 (Docket Nos. 5 & 7 in lead case). Amongst the dates
8 and information disclosed in the notice the following pertinent information was included: (i) the date
9 of the meeting of creditors (May 28, 2010 at 2:30pm); (ii) the deadline to file a proof of claim for all
10 creditors (August 26, 2010) and for governmental units (180 days after the filing date); and the date
11 for the hearing on confirmation (June 23, 2010 at 9:00am). However, the notice issued by the clerk's
12 office included the following language: "Deadline to File a Complaint to Determine Dischargeability
13 of Certain Debts" followed by a blank space. No further notice was issued by the clerk's office
14 regarding the deadline for filing dischargeability complaints. On May 17, 2010, PREPA filed proof
15 of claim #3-1 as an unsecured nonpriority creditor for services performed which amount to $132,
16 250.23. The 341 meeting of creditors was initially scheduled for May 28, 2010 (Docket No. 5 in lead
17 case) and was rescheduled and closed on June 8, 2010 (Docket No. 22 in lead case).

18     On July 30, 2010, PREPA filed a motion requesting an extension of twenty-one (21) days,
19 from July 30, 2010 until August 20, 2010, to file a complaint objecting to Debtor's discharge and/ or
20 to determine the dischargeability of Debtor's debt with PREPA arguing the following: (i) the "Notice
21 of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines" issued by the court does not give
22 notice of the deadlines for filing complaints to determine the dischargeability of debts or to object to
23 the discharge and the court has not issued any other notice regarding these deadlines; (ii) Fed. R.
24 Bankr. P. 4004(a) and 4007(c) mandate that notice be given to creditors of the deadline to file
25 complaints objecting to discharge and to determine the dischargeability of a debt; (iii) Fed. R. Bankr.
26 P. 2002(f) and (k) provide that at least 28 days' notice of the time so fixed shall be given to the United
27 States Trustee and all creditors; (iv) if the bankruptcy court sends a defective notice, then it can use
28 its equitable powers pursuant to Section 105(a) of the Bankruptcy Code to allow late filed motions

1  for extension of time to file complaints objecting to discharge and to determine the dischargeability

2  of the debt (citing South Dakota Cement Plant v. Jimco Ready Mix Co., 57 B.R. 396 (D. S.D. 1986)

3  and In re Anwiler, 958 F.2d 925, 927-929 (9th Cir. 1992)); (v) creditors should not be penalized for

4  the court's failure to comply with statutory requirements; and (vi) creditors due process rights might

5  be violated since they might be deprived of their property without adequate notice (citing South

6  Dakota Cement Plant v. Jimco Ready Mix Co., 57 B.R. 396, 397-398 (D. S.D. 1986) and City of New

7  York v. New York, N.H. & H.R. Co., 344 U.S. 293, 297 (1953)) (Docket No. 35 in lead case).

8        On August 10, 2010, PREPA filed an adversary proceeding to determine whether part of its

9  prepetition claim ($38,635.20) is nondischargeable pursuant to 11 U.S.C. §523. The Plaintiff marked

10  in the cover sheet accompanying the filing of the complaint that the nature of the suit was an objection

11  to dischargeability based on Sections 523(a)(2), 523(a)(4) and 523(a)(6)[1].  PREPA alleges  that

12  Debtor tampered with the electric power equipment in his commercial property to bypass the meter

13  and/or reduce the electric consumption reading of the meter and that his actions constitute undue use

14  of electric power services which equate to actual fraud, larceny, and/or willful and malicious injury

15  by Debtor to PREPA's property (Docket No. 1 in adversary proceeding, p. 5).

16        Subsequently, Debtor on August 12, 2010 filed a motion objecting to PREPA's request for

17  an extension of time to file a complaint objecting to Debtor's discharge, determine dischargeability

18  of Debtor's debt to PREPA, and/or object to the dischargeability of Debtor's debt to PREPA which

19  was based on the following: (i) PREPA filed its motion for an extension of time to file a complaint

20  to determine dischargeability of a certain debt and/or discharge after the sixty (60) days after the

21  initial scheduled date of the creditors meeting contrary to Fed. R. Bankr. P. 4004 and 4007; and (ii)

22  _____

23        [1]A discharge pursuant to 11 U.S.C. §1328(a) excepts certain debts from discharge, including
24  any debt of the kind specified in Section 507(a)(8)(C) or in paragraph (1)(B), (1)(C), (2), (3), (4),
   (5), (8), or (9) of Section 523(a). 11 U.S.C. §1328(a)(2). Thus, a debtor who earns a full compliance
25  discharge by completing all his or her plan payments is discharged from debts arising from willful
   and malicious conduct pursuant to Section 523(a)(6), since the same is not a stated exception.
26  However a Chapter 13 debtor who wants to obtain a Chapter 13 discharge under Section 1328(b) is
27  not discharged from a Section 523(a)(6) debt pursuant to Section 1328(c). 11 U.S.C. §1328(b) and
   (c)(2). Thus, Fed. R. Bankr. P. 4007(c) is inapplicable for filing a determination of dischargeability
28  debt under Section 523(a)(6), the applicable rule is Fed. R. Bankr. P. 4007(d).

1   PREPA did not need to receive specific notice of deadlines if it had timely notice of the bankruptcy

2   case to file an adversary proceeding to object to the dischargeability of Debtor's debt or a motion to

3   extend the time to file such adversary proceeding (citing <u>Williamson v. Williamson</u>, 15 F. 3d 1037

4   (11th Cir. 1994)) (Docket No. 40 in lead case). On August 13, 2010, PREPA filed its reply to Debtor's

5   opposition to its extension of time, by which it requested that the court deem moot PREPA's motion

6   for extension of time and Debtor's opposition because it had already filed an adversary proceeding

7   requesting the court to determine the dischargeability of part of PREPA's prepetition claim (Docket

8   No. 41 in lead case). On August 23, 2010 the court issued an Order which stated, "[t]he motion filed

9   by PREPA in reply to debtor's opposition to PREPA's motion for extension of time to file adversary

10  proceeding (docket #41) is hereby granted. A review of the document wherein the time to file

11  objections to discharge and to the dischargeability of debts shows that the relevant space was

12  inadvertently left in blank. Therefore, creditors were not given due notice of the bar date to file the

13  corresponding complaint(s)" (Docket No. 43).

14         On August 28, 2010, Debtor filed a motion to set aside order granting the extension of time

15  to file an adversary proceeding under 11 U.S.C. §523, by which he argues the following: (i) Fed. R.

16  Bankr. P. 4004 and 4007 require that either the filing of an adversary proceeding shall be filed within

17  sixty (60) days after the initial 341 creditors meeting, thus the bar date to file complaints to determine

18  the dischargeability of a debt in this case expired on July 27, 2010; (ii) the Eleventh Circuit in

19  <u>Williamson v. Williamson</u>, 15 F.3d 1037 (11th Cir. 1994) held that the creditor did not need to receive

20  specific notice of deadlines if it had timely notice of the bankruptcy case to file an adversary

21  proceeding to object to the dischargeability of Debtor's debt or a motion to extend the time to file

22  such adversary proceeding; (iii) in <u>Williamson v. Williamson</u>, the Eleventh Circuit also held that there

23  is no due process violation, if the creditor receives actual written notice adequate to inform him of

24  the pendency of the action and afford him an opportunity to present his objections; and (iv) the Fifth

25  and Eleventh Circuit in <u>Neeley v. Murchison</u>, 815 F.2d 345 (5th Cir. 1987) and <u>In re Alton</u>, 837 F.2d.

26  457 (11th Cir. 1988) have held that Fed. R. Bankr. P. 4004 and 4007 are strict time limitations and

27  confer no discretion to grant an untimely motion to extend the time to object, even if the creditor

28  lacked notice of the bar date (Docket No. 45 in lead case).  PREPA on September 9, 2010 filed its

4

1    opposition to Debtor's motion to set aside Docket No. 43, whereby it argues that: (i) Debtor's motion

2    to set aside Docket #43 is an unmeritorious motion for reconsideration since Debtor fails to state the

3    legal and procedural basis for his motion; (ii) Debtor's motion for reconsideration pursuant to Fed.

4    R. Civ. P. 59 failed to comply with P.R. LBR 9013-1(h)(1); (iii) Debtor's motion to alter or amend

5    judgment fails to present newly discovered evidence, an intervening change in controlling law or

6    clearly establish a manifest error of law; and (iv) it incorporates the arguments set forth in its motion

7    (Docket No. 35) requesting for extension of time to file a complaint objecting to debtor's discharge

8    and dischargeability of a certain debt (Docket No. 48).

9         On September 4, 2010, Defendant filed a motion to dismiss (Docket No. 8) in the adversary

10   proceeding and PREPA filed its opposition to the motion to dismiss on September 10, 2010 (Docket

11   No. 9). Defendant's arguments in his motion to dismiss are the same as the ones included in his

12   objection to the motion requesting an extension of time to file a complaint objecting to debtor's

13   discharge and/or dischargeability of certain debt (Docket No. 40) and in the motion to set aside order

14   granting the extension of time to file an adversary proceeding under 11 U.S.C. §523 (Docket No. 45).

15   Plaintiff's arguments in his opposition to the motion to dismiss are the same as the ones included in

16   his motion requesting the extension of time to file a dischargeability complaint and/ or objection to

17   debtor's discharge (Docket No. 35) and in its opposition to debtor's motion to set aside docket #43

18   (Docket No. 48).

19        In the instant case, PREPA in its reply to Debtor's opposition to its extension of time,

20   specifically requested the following in its prayer for relief, "[w]herefore PREPA respectfully requests

21   from the honorable court that it deem moot PREPA's motion for extension of time and Debtor's

22   opposition thereto." (Docket No. 41 in lead case). The court's Order states, "[t]he motion filed by

23   PREPA in reply to debtor's opposition to PREPA's motion for extension of time to file adversary

24   proceeding (docket #41) is hereby granted. A review of the document wherein the time to file

25   objections to discharge and to the dischargeability of debts shows that the relevant space was

26   inadvertently left blank. Therefore, creditors were not given due notice of the bar date to file the

27   corresponding complaint(s)" (Docket No. 43 in lead case). The prayer in the motion should be

28   determinative since the court grants the relief requested based on the prayer. In this case, the court

5

1   granted PREPA's request that it deem moot its prior request for an extension of time, thus it may be

2   inferred that the court did not grant PREPA's prior request for an extension of time to file complaints

3   to determine dischargeability of certain debts (Docket No. 35). However, the explanation following

4   the disposition may lead parties to believe that there was cause to grant the extension as the court did

5   not give notice of the bar date to file complaints objecting to the dischargeability of a particular debt.

6   Consequently, the court will address the issues of whether the bar date for filing dischargeability

7   complaints for certain debts was extended by the fact that the clerk's office inadvertently left blank

8   the space which provided such bar date, namely whether the actual notice received by PREPA was

9   reasonable and sufficient notice to file a complaint to determine dischargeability of certain debts and

10   whether PREPA's due process rights were violated for failure of the clerk to give the thirty (30) day

11   notice of the dischargeability complaint deadline pursuant to Fed. R. Bankr. P. 4007(c) and Fed. R.

12   Bankr. P. 2002(f)(5). The court concludes the added language contained in the Order which noted that

13   creditors were not given due notice of the bar date to file dischargeability of complaints of certain debts

14   was incorrect in conformity with applicable legal precedent, and is further explained herein.[2]

15   Applicable Law and Analysis

16   *Extension of Time to File a Complaint Objecting to Debtor's Dischargeability of Certain Debts in*

17   *a Chapter 13*

18        Fed. R. Bankr. P. 4007(c)[3] establishes a sixty (60) day time limit within which a creditor may

19   file a complaint to dispute the dischargeability of certain debts under §523(c) of the Bankruptcy Code

20   in Chapter 13 cases. This time limit begins to run from the first date set for the meeting of creditors

21   _____

22       [2] This court follows the decision in <u>In re Van Toornburg</u>, 2006 WL 3909929 (Bankr. D.P.R.

23   June 26, 2006 (De Jesus, bankruptcy judge), that when a court exercises its discretion in violation of
Rules 4004(b) [4007] and 9006 (b)(3), it may reconsider its position and vacate any order granting

24   an improper extension, either explicitly or impliedly.

25       [3] Fed. R. Bankr. P. 4007(c) provides: "[e]xcept as provided in subdivision (d), a complaint

26   to determine the dischargeability of debt under §523(c) shall be filed no later than 60 days after the
first date set for the meeting of creditors under §341(a). The court shall give all creditors no less

27   than 30 days' notice of the time so fixed in the manner provided in Rule 2002. On motion of a party
in interest, after hearing on notice, the court may for cause extend the time fixed under this

28   subdivision. The motion shall be filed before the time has expired." Fed. R. Bankr. P. 4007(c).

1  under §341(a) of the Bankruptcy Code.  Fed. R. Bankr. P. 4007(c). In addition, Fed. R. Bank. P.

2  9006(b)(3) limits the bankruptcy court's discretion in certain circumstances by providing, inter alia,

3  that a bankruptcy court may enlarge the time for filing a complaint under 4007(c) to the extent and

4  under the conditions permitted under such rules. See Fed. R. Bankr. P. 9006(b)(3); Vazquez v. Cruz

5  (In re Cruz), 323 B.R. 827, 831 (Bankr. D. PR. 2005).  Fed. R. Bankr. P. 2002(f)(5) provides that,

6  "the clerk, or some other person as the court may direct, shall give the debtor, all creditors, and

7  indenture trustees notice by mail of: the time fixed for filing a complaint to determine the

8  dischargeability of a debt pursuant to §523 of the Code as provided in Rule 4007." Fed. R. Bankr. P.

9  2002(f)(5). Section 523(c)(1) provides that, "[e]xcept as provided in subsection (a)(3)(B) of this

10  section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of

11  subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after

12  notice and a hearing, the court determines such debt to be excepted from discharge under paragraph

13  (2), (4), or (6), as the case may be, of subsection (a) of this section." 11 U.S.C. §523(c)(1).  Section

14  523(a)(3)(B) in turn provides, that a discharge under Section 1328(b) does not discharge an individual

15  debtor "if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing

16  of a proof of claim and timely request for a determination of dischargeability of such debt under one

17  of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such

18  timely filing and request." 11 U.S.C. §523(a)(3)(B).  Therefore, Fed. R. Bankr P. 4007(c) applies to

19  Section 523(a)(2) and 523(a)(4). The bar date as to a Section 523(a)(6) dischargeability complaint has

20  not commenced, as there is no motion for a hardship discharge pursuant to Section 1328(b). See Fed.

21  R. Bankr. P. 4007(d).

22       Although Rule 4007 is not jurisdictional, the bankruptcy court does not have unfettered

23  discretion to extend the deadlines in the same, including the requirement that any request to extend

24  the deadline must be made before the time has expired.  In re Eaton, 327 B.R. 79, 85 (Bankr. N.H.

25  2005); In re Prego Cruz, 323 B.R. 827, 831 (1st. Cir. BAP 2005) (citing Lure Launchers, LLC v.

26  Spino, 306 B.R. 718 (1st Cir. BAP 2004).  See also In re Torres, 336 B.R. 22, 25 (Bankr. P.R. 2005)

27  applying same principle as to Rule 3002 (c).  Moreover, there is "almost universal agreement that the

28  provisions of Fed. R. Bankr. P. 4007(c) are mandatory and do not allow the Court any discretion to

grant a late filed motion to extend time to file a dischargeability complaint". In re Alton, 837 F. 2d 457, 459 (11th Cir. 1988) quoting In re Maher, 51 B.R. 848, 852 (Bankr. N.D. Iowa 1985) (and cases cited therein).  Thus, Rule 4007( c) precludes the bankruptcy court from granting late-filed motions to extend the period in which a party can object to the dischargeability of a debt. Lure launchers, LLC v. Spino, 306 B.R. 718, 721(B.A.P. 1st Cir. 2004); Vazquez v. Cruz (In re Cruz), 323 B.R. 827, 831 (Bankr. D.  PR. 2005); Hecht v. Hatch (In re Hatch), 175 B.R. 429, 434 (Bankr. D. Mass. 1994); In re Gray, 156 B.R. 707, 710 (Bankr. D. Me. 1993). This court shares the perception expressed by the court in Eaton, that is, "[l]imitations of time and discretion may impose burdens on the parties," and "may even lead to unwelcome results, but they prompt parties to act and they produce finality. " In re Eaton, 327 B.R. 85, (citing from Taylor v. Freeland & Kronz, 503 U.S. 638, 644, 112 S. Ct. 1644, 118 L.Ed. 280 (1992)).  Courts have extended the deadline absent a timely filed motion under extraordinary circumstances. These exceptional circumstances generally encompass situations in which the court has made a mistake in setting the deadline or where actual notice has not been furnished to a party in interest. See Nicholson v. Isaacman (In re Isaacman), 26 F. 3d 629 (6th Cir. 1994).

The Fifth Circuit in Neely v. Murchison , 815 F. 2d 345 (5th Cir. 1987) was presented with a similar controversy as the one in the instant case, namely it involved a creditor who had received written notice that set the date for the creditors meeting but left blank the space for the deadline to file objections to dischargeability.  The Fifth Circuit in Neely v. Murchison held that the creditor had notice of the pendency of the bankruptcy proceedings and had ample opportunity to protect his rights to timely file a dischargeability complaint. The Neely court explained that, "[section] 523(c) of the Code, which Rule 4007 is designed to implement, places a heavy burden on the creditor to protect his rights: a debt of the type presented here is automatically discharged unless the creditor requests a determination of dischargeability. The one narrow exception to this rule incorporates a duty-to-inquire approach." Neely v. Murchision, 815 F. 2d at 347. The Neely court also reasoned that it would be inconsistent to place the scheduled creditor who received actual written notice in a better position

1   than the unlisted creditor that pursuant to Section 523(a)(3)(B)[4] its Section 523(c) debt is discharged

2   if he or she has notice or actual knowledge of the bankruptcy proceedings in time to protect his or her

3   rights. Id.

4          In much the same way as the instant case, in Williamson v. Williamson, 15 F. 3d 1037 (11th

5   Cir. 1994) the clerk of the court sent the notice of the filing of the petition and related maters to all

6   scheduled creditors which provided the date for the meeting of creditors and indicated that the

7   deadline for filing dischargeability complaints under 11 U.S.C. §523(c) was "to be set." The clerk's

8   office did not issue any other notice for filing such complaints. The Eleventh Circuit affirmed the

9   opinion of the district court which in turn affirmed the opinion of the bankruptcy court which held

10  that the, "[p]laintiff was certainly aware of the first date set for the meeting of creditors; due to the

11  plain language of Rule 4007(c), that knowledge necessarily put the [p]laintiff on notice of the filing

12  deadline for Section 523(c) complaints. It is clearly Bankruptcy Rule 4007(c), and not the Court, that

13  fixes the time for filing such complaints." Durham Ritz, Inc. v. Williamson, 145 B.R. 329, 331

14  (Bankr. N.D. Ala. 1992); See also; In re Alton, 837 F. 2d 457 (11th Cir. 1988); Nottingham v. Diberto,

15  136 B.R. 24 (D.N.H. 1992); Bishop v. Shrum, 148 B.R. 619 (D. Kan. 1992); In re Rockmacher, 125

16  B.R. 380 (S.D. N.Y. 1991); In re Compton, 891 F. 2d 1180 (5th Cir. 1990); and Orebaugh v. Johnson

17  (In re Johnson), 2010 Bankr. Lexis 2414 (Bankr. S.D. Ind. 2010). This court agrees with the holdings

18  of the Fifth and Eleventh Circuits.

19         Due process requires that a party receive "notice reasonably calculated, under all the

20  circumstances, to apprise it of the pendency of the action and afford it an opportunity to present its

21  objections." Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). This case does

22  not present a due process violation because PREPA received actual written notice of the bankruptcy

23

24  _____

25     [4] Section 523(a)(3)(B) provides; "a discharge under section 727, 1141, 1228(a), 1228(b), or
    1328(b) of this title does not discharge an individual debtor from any debt– neither listed nor
26  scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to
    whom such debt is owed, in time to permit– if such debt is of a kind specified in paragraph (2), (4),
27  or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of
    dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual
28  knowledge of the case in time for such timely filing and request." 11 U.S.C. §523(a)(3)(B).

1  proceedings and specific notice of the date of the creditors meeting, which was sufficient to calculate

2  the deadline date to file dischargeability complaints, which in the instant case was July 27, 2010. In

3  fact, PREPA filed proof of claim #3-1 on May 17, 2010.

4       PREPA cites In re Anwiler, 958 F.2d 925 (9th Cir. 1992) and South Dakota Plant v. Jimco

5  Ready Mix Co., 57 B.R. 396 (D.S.D. 1986) to support its position that if the bankruptcy court sends

6  defective notices it may utilize its equitable powers under 11 U.S.C. §105(a) to allow late filed

7  motions for extension of time to file complaints objecting to discharge and to determine the

8  dischargeability of a debt. The court finds that both cases are inapposite to the instant case because

9  the facts are different. In re Anwiler, was a chapter 7 case which was begun in one district and was

10  subsequently transferred to another district. The clerk's office in each district issued a notice which

11  indicated the deadline dates, for the filing of complaints to determine dischargeability of certain debts.

12  The deadline date in the other district was for a later date. The court held that due to the confusion

13  generated by the courts in issuing two (2) conflicting deadlines the court was allowed to correct its

14  mistake by using the court's equitable powers under 11 U.S.C. §105(a). In In re Anweiler the court's

15  notice led the creditor to rely on a specific date.

16       In South Dakota Cement Plant v. Jimco Ready Mix Co., the creditor did not receive notice

17  of the deadline to file objections to discharge and requested an extension of time to file an objection

18  after the time period had already expired, but the bankruptcy court denied the same as moot. The

19  district court reversed on the grounds that it found that the notice requirements pursuant to Fed. R.

20  Bankr. P. 4004(a) and Fed. R. Bankr. P. 2002(f)(5) were mandatory. The South Dakota Cement Plant

21  v. Jimco Ready Mix Co., decision was based on City of New York v. New York, New Haven and

22  Hartford Railroad Co., 344 U.S. 293, 296-97, 97 L. Ed. 333, 73 S. Ct. 299 (1953) which according

23  to the United States District Court for the District of South Dakota, Northern Division held, "that a

24  creditor has a 'right to assume' he will receive all the notices required before his substantive rights

25  are defeated." South Dakota Plant v. Jimco Ready Mix Co., 57 B.R. at 397. This court finds this

26  holding is misplaced and inconsistent with Section 523(a)(3)(B) of the Code. Moreover, the Second

27  Circuit in GAC Enters. v. Medaglia (In re Medaglia), 52 F. 3d 451, 456-457(2[d] Cir. 1995) explains

28  the City of New York decision and why the same is distinguishable and decided on statutory rather

1   than constitutional due process grounds ("It is apparent that the Court was construing what was then

2   §77 of the Act, dealing with the railroad reorganizations, and not the Constitution. See Sam, 894 F.

3   2d at 781 ('City of New York apparently was decided on statutory rather than constitutional

4   grounds'). Thus, the Court first construed the statutory term 'reasonable notice' and then pointed out,

5   in effect, that nothing in the statute vitiated creditors' 'right to assume' that they would receive such

6   'reasonable notice' before their claims were barred.  Judge Frank's dissenting opinion in our court,

7   the reasoning of which the Supreme Court effectively adopted, supports this view. The dissent had

8   emphasized the absence from §77 of a 'constructive-notice clause' like the one contained in §17(a)(3)

9   of the Act (the predecessor to current Code §523(a)(3)(B)), which Judge Frank assumed to be valid.

10   197 F.2d at 433 (Frank, J., dissenting). He added that a constructive notice provision 'is ordinarily

11   a creature of statute; courts usually will not impose the onerous burden of constructive notice on a

12   litigant when it has not been imposed by the legislature.") The Second Circuit in In re Medaglia held

13   that appellants' actual knowledge of the bankruptcy petition pursuant to Section 523(a)(3)(B) was

14   a "constitutionally permissible substitute for formal notice of the deadline, satisfying the requirements

15   of due process." Id at 453.

16       In this case PREPA received actual notice of the filing of the petition and the date set for the 341

17   meeting of creditors. Thus, it had sufficient notice to determine the bar date to file complaints objecting

18   to the dischargeability of a particular debt as required by Fed. R. Bankr. P. 4007(c). The request for

19   extension of time was filed after the sixty (60) days from the date set for the 341 meeting of creditors

20   had expired. Therefore, it was late. To the extent that the matter is mooted by PREPA's withdrawal of

21   the motion to extend time on account of having actually filed the complaint and the Order approving the

22   same, then there is nothing to provide for. However, to the extent that the added language in the Order

23   may lead parties to believe that the extension was indeed granted, the same is vacated and set aside.

24   Having determined that the extension of time to file the instant complaint is either moot or incorrectly

25   entered; the court concludes that the complaint was filed after the bar date. Therefore, the same must be

26   dismissed.

27                         Conclusion

28       In view of the foregoing, the court grants the Debtor's motion to set aside order granting

extension of time to file an adversary proceeding to determine the dischargeability of debt under Section 523(a)(2) and (4) (Docket No. 45 in lead case). The court also concludes that the complaint objecting to the dischargeability of PREPA's debt is time barred. Therefore, Debtor's motion to dismiss is hereby GRANTED.

The clerk shall enter judgment dismissing the instant adversary proceeding.

SO ORDERED.

In San Juan, Puerto Rico, this 25th day of January 2011.

Enrique S. Lamoutte
United States Bankruptcy Court

12